IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHEILA MORRIS,                }
                              }
    Plaintiff,                }
                              }       CIVIL ACTION NO.
v.                            }       06-AR-1988-S
                              }
THE ALLSTATE CORPORATION, et  }
al.,                          }
                              }
    Defendants.               }

**MEMORANDUM OPINION**

The court has for consideration the motion of plaintiff, Sheila Morris, to remand the above-entitled case to the Circuit Court of Jefferson County, Alabama, Bessemer Division, from which it was removed. The court also has before it motions by defendants to dismiss. The removal was effected by defendants' invocation of the doctrine of complete ERISA preemption and of the diversity jurisdiction of this court. Because only one basis for removal jurisdiction is necessary, and because the court finds that ERISA's super-preemption does apply here, the allegation of fraudulent joinder of Cobbs, Allen & Hall, a non-diverse defendant, need not be addressed, especially when defendant's motion to dismiss is being granted.

All four essential elements for reaching "safe harbor" from the reach of ERISA preemption, recognized in 29 C.F.R. § 2510.3-1(j), exist here, that is, **except** for the exception from ERISA preemption set forth in element number 3 of the said regulation

that excludes from "safe harbor" insurance policies that are "**endorsed**" by the employer, and thereupon anointed as governed by ERISA.  Exhibits "E" and "F" attached to Cobbs, Allen & Hall's opposition to plaintiff's motion to remand constitute an "endorsement" by Paragon Systems, Inc., plaintiff's employer, of the disability insurance policy here in issue.  These notices from Paragon to its employees contain all of the indicia of an "endorsement", unless the words "Paragon hereby endorses the disability insurance policy being contemporaneously offered by Allstate Workplace Division" are needed.  This case proves, if proof were needed, that any sophisticated insurer who wants to offer coverage to a group of employees and who wants to avoid having to face any claims for possible misrepresentations made by its agents to prospective insureds can simply get the employer to brag in writing about the offer of coverage.  The further beauty of this *modus operandi* is that the employer does not become a plan sponsor burdened with the obligations and exposures of an ERISA fiduciary.  The employer simply recommends the insurance and when and if the employee's application is accepted, withholds the insurance premiums from the employees, all without itself becoming a "plan sponsor".  This court wonders whether the Department of Labor understood the difference between an "endorser" and a "sponsor" when it promulgated § 2510.3-1(j).

   The policy language in this case lacks some of the

requisites of the **real honest-to-goodness** ERISA plan that Congress contemplated when it enacted ERISA, and that this court has described and even required in earlier opinions discussing ERISA preemption, but, as ERISA has since that time evolved against employees and in favor of insurers, disability plans individually underwritten by insurance companies, with very few exceptions, are now routinely treated as ERISA plans, wiping out possible non-contractual claims by beneficiaries.  In other words, insureds now can only sue for benefits, plus interest on wrongfully denied benefits, and attorney's fees if the beneficiary prevails.  When the undersigned wrote "Can the Courts Rescue ERISA?",  29 Cumb. L. Rev. 285 (1998), the answer he gave was that only Congress and/or the Supreme Court can recreate for employees the protections promised in the prefatory language of ERISA.  Those promises have thus far not been delivered.

By insisting upon ERISA preemption, defendants, The Allstate Corporation and Allstate Workplace Division, a/k/a American Heritage Life Insurance Company, have admitted that they are subject to suit under ERISA, the only relief that can be sought against then being the severely circumscribed relief allowed under court interpretation of ERISA.  Therefore, the above-entitled action, insofar as it is contained in all counts of the complaint except Count Two, will be dismissed with prejudice as against the two insurer defendants.  Plaintiff shall proceed

against the said two defendants only under Count Two, deemed to be an invocation of ERISA, and that states a garden-variety ERISA benefits claim.  There is no reason to require plaintiff to amend her complaint unless she wishes to do so.  The burden will be on defendants to prove that their decision to deny plaintiff's claim for disability benefits was not tainted by self-interest, i.e., that her claim is devoid of reasonableness.  See *Burroughs v. BellSouth*, 446 F.Supp.2d 1294 (N.D. Ala. 2006).

The allegations of the complaint, construed as an ERISA claim, state no cause of action against the non-insurer defendant, Cobbs, Allen & Hall.  Therefore, its motion to dismiss will be granted in its entirety.

An appropriate separate order will be entered.

DONE this 30th day of November, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE